**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2484

MARJORY WAGNER REGAN,

Plaintiff – Appellant,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; ERIC K.
SHINSEKI, Secretary, Department of Veteran Affairs; WILLIAM
FEELEY, Director, Buffalo VA Medical Center; MICHAEL S.
GRIMALDI, M.D., Buffalo VAMC; RUBEN CARTEJENA, M.D.,
Buffalo VAMC; JANE DOE 1, Medical Staff Buffalo VAMC; JOHN
DOE # 1, Medical Staff Buffalo VAMC; JOHN DOE #2, Medical
Staff Buffalo VAMC; JOHN DOE #3, Medical Staff Buffalo
VAMC; JOHN DOE #4, Medical Staff Buffalo VAMC; JOHN DOE #5,
Medical Staff Buffalo VAMC; JOHN DOE #6, Medical Staff
Buffalo VAMC; JANE DOE #2, Staff Member Buffalo VAMC; JANE
DOE #3, Medical Staff Buffalo VAMC; JANE DOE #4, Medical
Staff Buffalo VAMC; JOHN DOE #7, Medical Staff Buffalo
VAMC; JANE DOE #5, Medical Staff Buffalo VAMC; NANCY
BENJAMIN, Buffalo VAMC; KATHY PHILLIPS, Buffalo VAMC; JANE
DOE #6, Staff Member Cleveland VAMC; JANE DOE #7, Staff
Member Cleveland VAMC; JOHN DOE #8, MD, Cleveland VAMC;
JANE DOE #9, Office of Legal Council Buffalo VAMC; HENRY
PATRONSKI, Patient Advocate, Buffalo VAMC; JANE DOE #10,
Medical Staff Buffalo VAMC; AMY T. QUINLIVAN, M.D., Buffalo
VAMC; M. T. SRIKRISHNA, M.D., Buffalo VAMC; SAMUEL J.
VICARETI, Buffalo VAMC; JACQUELIN BRICKELMAN, Buffalo VAMC;
HONG-SHAUR SHIEH, Buffalo VAMC; LISA N. NICOLAS, M.D.,
Buffalo VAMC; JOANNE H. NELSON, LPN, Buffalo VAMC; MARGARET
DUNN, Buffalo VAMC; GEORGE P. BOUCHER, Buffalo VAMC;
BERNADINE H. DRAFFIN-PLUMMER, Buffalo VAMC; GREGORY PISKOR,
Buffalo VAMC; GEORGE J. BURNETT, M.D., Buffalo VAMC; JOSEPH
J. BASO, Buffalo VAMC; JANE DOE #11, Quality Management,
Buffalo VAMC; JOHN DOE #11, Chief of Medicine, Buffalo
VAMC; MICHAEL S. FINEGAN, Acting Director, Buffalo VAMC,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:11-cv-00422-D)

Submitted: March 25, 2013                    Decided: April 9, 2013

Before KEENAN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marjory Wagner Regan, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marjory Wagner Regan appeals the district court's order granting Defendants' motion to dismiss Regan's action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 1346(b)(1), 2671 - 2680 (West 2006 & Supp. 2012), for lack of subject matter jurisdiction. On appeal, Regan first argues that the district court failed to provide her with adequate notice of the time limitations for filing her sur-reply to the motion to dismiss and her objections to the magistrate judge's memorandum and recommendation. However, the record plainly establishes that she was provided clear notice of the deadlines applicable to both. The record also provides no evidence that Regan requested an extension of time to file supplemental objections to the magistrate judge's memorandum and recommendation, or additional time to file her sur-reply. Thus, we conclude that Regan is not entitled to relief on this basis.

Regan also challenges the district court's conclusions that her complaint was untimely under the statute of limitations applicable to FTCA claims and that the Health Insurance Portability and Accountability Act ("HIPAA") does not provide a private right of action related to the amendment of protected health information. Regan did not raise these issues in her objections to the magistrate judge's memorandum and recommendation. The timely filing of specific objections to a

3

magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). If a party does not file specific written objections to a finding of fact or conclusion of law proposed by the magistrate judge, the party is deemed to have waived her right to appellate review of that particular finding of fact or conclusion of law made by the district court. United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007). Applying these principles, we conclude Regan has waived appellate review of her remaining issues on appeal.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

4